UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIN SULLIVAN,  :  <br>    Petitioner, : <br>  : <br>  v.   : <br>  : <br> H. KOSAKOWSKI : <br>    Respondent. : | Case No. 3:24-cv-1438 (VAB) |

**RULING AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Erin Sullivan ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of her time credits under the First Step Act and to seek pre-release custody under the Second Chance Act. Pet., ECF No. 1 at 5-6.

Respondent has filed a response to the Court's order to show cause. Resp't's Response, ECF No. 8.

Petitioner has filed a reply response. Pet'r Response, ECF No. 9.

For the following reasons, the petition is **DENIED**.

**I.    BACKGROUND**

Petitioner received a sentence of a term of imprisonment of twenty-four months of incarceration, with a three-year term of supervised release for committing wire fraud and tax evasion. Resp't ex. 2, Criminal Judgment, ECF No. 8-2.

On April 8, 2024, Petitioner surrendered to the Bureau of Prisons ("BOP") to serve her sentence at Federal Correctional Institution in Danbury, Connecticut,. *See* Resp't ex. 3, Breece decl. at ¶ 6, ECF No. 8-3.

Under 18 U.S.C. § 3585(b), the BOP awarded Ms. Sullivan one day of prior custody credit for October 30, 2023. Resp't ex. 3-A at p. 2. Ms. Sullivan is projected to earn 108 days of good conduct time, *id.*, resulting in a projected release date of December 19, 2025. *See* Resp't ex. 3 at ¶ 7.

## II.  STANDARD OF REVIEW

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed under section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241." (emphasis in original)).

## III.  DISCUSSION

Before filing a section 2241 petition, inmates are required to exhaust internal grievance procedures. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *see also Thai v. Pullen*, No. 3:22-CV-605(SVN), 2022 WL 17355189, at *3 (D. Conn. Dec. 1, 2022) (citing *Carmona*, 243 F.3d at 634). This exhaustion requirement is judicial, not statutory. *See Carmona*, 243 F.3d at 634 (explaining that the Second Circuit has held, in the context of a habeas corpus petition filed by a state inmate under 28 U.S.C. § 2254, that the statutory exhaustion requirement set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), does not apply to habeas corpus proceedings and surmising the same result should apply to section 2241 petitions). In section 2241 actions, the burden of demonstrating exhaustion of administrative remedies is on

2

the petitioner. *Thai*, 2022 WL 17355189, at *3. The "failure to exhaust administrative remedies results in a procedural default" which results in preclusion of review in federal court. *Id.* (citations omitted). The distinction between statutory and judicial exhaustion requirements is important because statutory exhaustion requirements are mandatory while judicial exhaustion requirements are discretionary. *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003).

The Second Circuit has identified four exceptions to the judicial exhaustion requirement for habeas corpus actions: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Id.* at 62 (citation omitted); *see also Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 437 (D. Conn. 2020) (considering a section 2241 petition and listing the exceptions to the administrative exhaustion requirement as: "futility ('exhaustion may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue'); incapability ('exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief'); and undue prejudice ('an unreasonable or indefinite timeframe for administrative action may sufficiently prejudice [petitioners] to justify a federal court in taking a case prior to the complete exhaustion of administrative remedies')") (citations omitted and alteration in original).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). Exhaustion of administrative remedies within the BOP, is a four-step process, (1) informal

resolution with prison staff, 28 C.F.R. § 542.13(a); (2) a formal request submitted to the Warden on form BP-9, 28 C.F.R. § 542.14(a); (3) an appeal to the appropriate Regional Director on form BP-10, 28 C.F.R. § 542.15(a); and (4) a second appeal to the BOP General Counsel on form BP-11, *id*. Generally, an administrative appeal is considered finally exhausted only after it has been considered by the BOP General Counsel's Office in the BOP Central Office. *See* 28 C.F.R. §§ 542, 542.15. An inmate may consider the failure to receive a timely response to be a denial at that level. 28 C.F.R. § 542.18.

Respondent argues that Ms. Sullivan has not exhausted her claims for relief through her BOP administrative remedies prior to filing this petition, and that she cannot prevail on the merits of her claims. In support of its position, Respondent has submitted evidence that Ms. Sullivan has not completed her exhaustion of her BOP remedies for her claims concerning her FSA time credit calculation, and that she has not filed any BOP administrative remedies concerning a prerelease placement under the Second Chance Act. Resp't ex. 3, Breece decl. at ¶¶ 25, 26 ("SENTRY indicates that Petitioner submitted a Request for Administrative Remedy to the Warden concerning her FSA time credit calculation on or about October 4, 2024, and the Warden's response is due on or about October 24, 2024. . . . Petitioner has not, however, filed any administrative remedies concerning prerelease placement under the Second Chance Act.").

In response, Ms. Sullivan argues that she intends to the complete the administrative remedy process, but believes that BOP will not provide her with relief. Pet'r Response, ECF No. 9 at 1.

The Court disagrees.

To the extent that Ms. Sullivan is making a futility argument, the futility exception to the exhaustion of administrative remedies must be considered in light of the purposes for the

4

exhaustion requirement. *Beharry*, 329 F.3d at 62. The exhaustion requirement is intended to "protect[] the authority of administrative agencies, limit[] interference in agency affairs, develop[] the factual record to make judicial review more efficient, and resolv[e] issues to render judicial review unnecessary." *Id*. (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

Here, Ms. Sullivan's exhaustion of her BOP administrative remedies before filing her petition would not be an exercise in futility. First, it would be contrary to the purpose of exhaustion to involve the Court in the day-to-day operations of the facility without first affording prison officials the opportunity to address her concerns. *See Thai*, 2022 WL 17355189, at *6 ("Were the Court to entertain the petition on the merits when Petitioner has not exhausted his administrative remedies—or provided a legally sufficient explanation why the exhaustion requirement should be excused—the purposes of the exhaustion requirement would not be served.")

Moreover, because exhausting her administrative remedies may achieve the result desired by Ms. Sullivan, or, even if unsuccessful, develop the factual record as to the underlying issues and facilitate judicial review, there is no reason to apply the futility exception here. *See id*. at 62 ("That Beharry's argument would likely have failed is not tantamount to stating that it would have been futile to raise it; and indeed, many of the purposes for requiring exhaustion would have been served had Beharry raised his claim below."). Nor is there any suggestion that any other exception applies. The record provides no indication that prison officials are incapable of addressing Petitioner's concerns or that she will be subject to undue prejudice so as to justify the federal court's review prior to completion of her administrative remedies.

Accordingly, Ms. Sullivan's petition for a writ of habeas corpus will be denied.

## IV.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus, ECF No. 1, is **DENIED** without prejudice.

Petitioner may refile pursue a petition under 28 U.S.C. § 2241, after she exhausts her administrative remedies.

The Clerk of Court is respectfully directed to close this case. Any appeal of this order would not be taken in good faith, and thus, a certificate of appealability will not issue.

**SO ORDERED** at New Haven, Connecticut, this 20th day of December, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE